# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DUSTIN MUSSO**                                    **CIVIL ACTION NO.**

**VERSUS**
                                                    **25-194-BAJ-EWD**
**CAPTAIN ENRICO GEORGE, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 5, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DUSTIN MUSSO**                                              **CIVIL ACTION NO.**

**VERSUS**
                                                             **25-194-BAJ-EWD**
**CAPTAIN ENRICO GEORGE, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand,[1] filed by Dustin Musso ("Plaintiff"), which is opposed by Defendant State of Louisiana, through the Department of Public Safety and Corrections ("DPSC").[2]  Also before the Court is the 12(b)(6) Motion to Dismiss,[3] filed by DPSC, which is opposed by Plaintiff.[4]

Because the consent of unserved defendants is not required for removal, and because removal was properly premised on this Court's federal question subject matter jurisdiction, it is recommended[5] that Plaintiff's Motion to Remand be denied. It is further recommended that the Motion to Dismiss be denied as moot to the extent it seeks dismissal of claims that Plaintiff has not asserted against DPSC and denied as to Plaintiff's remaining state law vicarious liability claim against DPSC, which survives a Fed. R. Civ. P. 12(b)(6) analysis.

---

[1] R. Doc. 10; *see also*, R. Doc. 17 (reply memorandum).

[2] R. Doc. 13.

[3] R. Doc. 9.  DPSC did not file a reply memorandum.

[4] R. Doc. 11.

[5] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.") and 28 U.S.C. § 636(B)(1)(b) (authorizing a district judge to refer a motion to dismiss to a magistrate judge for report and recommendation).

## I. BACKGROUND

This is a civil action for damages arising out of injuries Plaintiff allegedly sustained while incarcerated at the Louisiana State Penitentiary at Angola ("LSP").[6]  On or about June 10, 2022, Plaintiff filed his Petition for Damages/Use of Force ("Petition") against DPSC, Captain Enrico George ("George"), Sergeant Andrew Hausey ("Hausey"), and Master Sergeant Jeffrey Hall ("Hall") (together George, Hausey, and Hall are the "Officer Defendants") in Louisiana state court.[7]  According to Plaintiff, the relevant facts underlying his claims are as follows: Plaintiff has mental and emotional disabilities for which he receives treatment at LSP, of which the Officer Defendants are aware.[8]  On April 8, 2021, Plaintiff was escorted from his dorm for medical treatment, while in full restraints, when he encountered George at a gate. Plaintiff was left in a visitation room for nine hours, despite his request for medical services.[9]  George then placed Plaintiff in the cell of an inmate who had allegedly been asked by another officer to assault Plaintiff.[10]  When George returned, he told Plaintiff that Plaintiff was being returned to his dorm. Plaintiff reiterated his request for medical treatment. George grabbed Plaintiff's hands, Plaintiff pulled back, and George struck Plaintiff.[11]  Hausey and Hall ran into the room and struck Plaintiff as well, causing Plaintiff to fall to the floor where he was kicked and knocked unconscious.  The Officer Defendants pulled Plaintiff's hood over his head and sprayed his face with chemical agent ("the Incident").[12]  Major Karla Williams ordered the Officer Defendants to stop.  Plaintiff was taken to the shower and saw an EMT but did not receive treatment until the next day when the

---

[6] R. Doc. 1-3, p. 3.

[7] R. Doc. 1-3, pp. 3-9.

[8] *Id.,* p. 4, ¶ 6.

[9] *Id.,* pp. 4-5, ¶¶ 7-8.

[10] *Id.,* p. 5, ¶ 9.

[11] *Id.,* p. 5, ¶¶ 10-11.

[12] *Id.,* p. 5, ¶¶ 12, 14.

Incident was discovered by higher ranking officials.[13]   The Incident was captured on video and photos were taken the next day. Several officers were allegedly terminated for submitting false reports and covering up the use of force against Plaintiff.[14]

In the Petition, Plaintiff asserted a 42 U.S.C. § 1983 claim against "Defendants" for their use of excessive force and cruel and unusual punishment in violation of the Fourth and/or Eighth Amendments to the United States Constitution, as well as a 42 U.S.C. § 1988 claim for punitive damages, attorney's fees and costs.[15]   Plaintiff also asserted a claim of battery, and/or intentional infliction of emotional distress, against "Defendants" pursuant to La. Civ. Code art. 2315.[16] Finally, Plaintiff asserted a claim of respondeat superior liability pursuant to La. Civ. Code arts. 2315, 2317, and 2320.[17]   Plaintiff was granted pauper status by the state court, but the case was stayed until Plaintiff paid the entire filing fee in January 2025.[18]

DPSC was served with the Petition and citation through the Louisiana Attorney General's office on February 6, 2025 and removed the case to this Court on March 7, 2025 on the basis of federal question jurisdiction due to Plaintiff's § 1983 claim.[19]   As of the time of removal, DPSC alleged that it was the only served defendant.[20] The only defendant that has appeared besides DPSC is Hausey, who was served on  June 11, 2025, and who filed an Answer on July 22, 2025.[21]

---

[13] *Id.,* p. 5, ¶¶ 15-16.

[14] *Id.*, p. 6, ¶¶ 18-19.

[15] *Id.*, pp. 7-8, ¶¶ 32-34, 37.

[16] *Id.*, p. 8, ¶¶ 38-39.

[17] *Id.*, p. 8, ¶ 40.

[18] *Id.,* pp. 15-16 and *see* p. 18.

[19] R. Doc. 1-3, pp. 21, 23; R. Doc. 1, ¶ 1.

[20] R. Doc. 1, ¶ 4.

[21] R. Doc. 23, pp. 1, 3; R. Doc. 32.

On April 4, 2025, DPSC filed its Motion to Dismiss Plaintiff's claims on several grounds under Rule 12(b)(6).[22]  The same day, Plaintiff filed his Motion to Remand, which is discussed first because it raises jurisdictional challenges.[23]  The motions are fully briefed, and oral argument is not necessary.

## II.     IT IS RECOMMENDED THAT PLAINTIFF'S MOTION TO REMAND BE DENIED

### A.  Legal Standards for Remand

"Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction…."[24] "Under 28 U.S.C. § 1331, federal courts have federal question jurisdiction over any case that 'arises under' the laws of the United States." "A federal question exists 'only in those cases in which a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[25] "The removing party has the burden of proving federal subject matter jurisdiction.[26] Remand is proper if at any time the court lacks subject matter jurisdiction.[27] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[28]

---

[22] R. Doc. 9.

[23] In light of the Motion to Remand, the scheduling conference was canceled, and entry of a scheduling order was deferred pending resolution of the Motion to Remand.  R. Docs. 8, 12.

[24] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[25] *Ysleta Del Sur Pueblo v. City of El Paso,* 433 F.Supp.3d 1020, 1025 (W.D. Tex. 2020), aff'd, No. 20-50313, 2021 WL 5504744 (5th Cir. Nov. 23, 2021) (citations omitted).

[26] *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[27] *See* 28 U.S.C. § 1447(c).

[28] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

**B.  The Rule of Unanimity Was Satisfied at Removal**

Plaintiff's first raises a procedural challenge to removal, which is that DPSC failed to satisfy the rule of unanimity, *i.e.*, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[29]  Plaintiff initially argued that DPSC has agreed to permit service on its current employees through DPSC paralegal, Rhonda Weldon, and in this case, the three Officer Defendants were served through Weldon before removal. In support, Plaintiff relied on a notice of service from the state court clerk stating that service was made on all Defendants through Weldon on March 6, 2025 (sic, February 6, 2025).[30]  Plaintiff, therefore, contended that the consent of the Officer Defendants was required when the case was removed.

In response, DPSC asserts that 28 U.S.C. § 1446(b)(2)(A) requires the consent of defendants who are "properly joined and served" at the time of removal.  In this case, service on Weldon for the Officer Defendants was ineffective because, despite the representations in the state court clerk's notice, none of the Officer Defendants were DPSC employees at the time of the February 6, 2025 service on Weldon.[31] Therefore, DPSC argues that the consent of the Officer Defendants was not necessary because these defendants were not properly served at the time of removal.[32]  In support, DPSC attaches Weldon's affidavit stating that she could not accept service on behalf of the Officer Defendants on February 6, 2025 because they were no longer employed

---

[29] 28 U.S.C. § 1446(b)(2)(A); *Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016) (citation omitted).

[30] R. Doc. 10-2, p. 1 (incorrectly alleging service on Weldon was on March 6, 2025); R. Doc. 10-3, p. 1 (November 21, 2017 letter from the Louisiana Attorney General's office advising that Weldon is authorized to accept service for all currently employed DPSC employees); R. Doc. 10-4, p. 1 (state court notice stating service was made on all Defendants through Weldon on February 6, 2025) (this is also attached to the Notice of Removal at R. Doc. 1-3, p. 26).

[31] R. Doc. 13, p. 7.

[32] R. Doc. 13, p. 2.

at DPSC.[33]  Plaintiff's reply memorandum admits that Plaintiff does not have service information

for the Officer Defendants, and notably, Plaintiff did not contest Weldon's affidavit, nor did

Plaintiff present any other evidence showing that the Officer Defendants were served before

removal.[34]

A violation of the rule of unanimity renders a removal procedurally defective, requiring

remand.[35]  However, the Fifth Circuit has recognized three exceptions to the rule of unanimity,

including the one applicable here, which, as DPSC points out, applies to non-removing defendants

who have not been served by the time of removal.[36]  "By its terms, § 1446(b)(2)(A) does not

impose any requirements on defendants who were not properly served."[37]  Here, DPSC has

established that, at the time of removal, the Officer Defendants were not properly served through

Weldon (or any other DPSC employee)[38] because they were no longer DPSC employees when

Weldon received service; therefore, Plaintiff's procedural argument for remand lacks merit.[39]

---

[33] R. Doc. 14 ("[Weldon] has access to DPSC employment records and was unable to accept service for George, Hausey, and Hall, because by February 6, 2025, when Plaintiff's Petition was served on DPSC, George, Hausey, and Hall no were no longer employed by DPSC.").

[34] R. Doc. 17.  Plaintiff implicitly acknowledges that the Officer Defendants were not properly served because, on the same date Plaintiff filed his reply memorandum, Plaintiff sought the issuance of summonses for two of the three Officer Defendants. Plaintiff sought a summons for the third Officer Defendant about a week later.  Hausey was personally served on June 11, 2025. R. Docs. 18, 23. George was personally served on July 5, 2025. R. Docs 20, 31.

[35] *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir. 1988).

[36] *Baker v. Amazon Logistics, Inc.,* No. 23-3991, 2023 WL 6880357, at *4 (E.D. La. Oct. 18, 2023), citing *Wagner v. Gov't Emps. Ins. Co.*, No. 18-10281, 2019 WL 626430, at *3 (E.D. La. Feb. 14, 2019) and *World Prayer Tabernacle v. Certain Underwriters at Lloyd's, London*, 22-2289, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022); R. Doc. 13, p. 5.

[37] *Shakouri v. Davis,* 923 F.3d 407, 410 (5th Cir. 2019).

[38] Aside from the clerk's notice of service, the return of service information on the citation directed to all Defendants, which is attached to the Notice of Removal, contains a stamp with the date of February 6, 2025 and the name "Deputy Lavonita Ealy," an East Baton Rouge Parish deputy sheriff.  R. Doc. 1-3, p. 24.  Plaintiff does not rely on this return of service; however, even if he had, it fails on the same grounds.  The stamp has a box to indicate service on Weldon, which is not checked.  Even if the box were checked, or even if Deputy Ealy was authorized to accept service on behalf of the Officer Defendants (which has not been shown), service on Ealy is still ineffective because the Officer Defendants were no longer employed by DPSC when service on Ealy was made. *See also* R. Doc. 13, pp. 5-6. DPSC's other arguments refuting the propriety of service need not be reached.

[39] George has now been served but has not appeared, and the Clerk has entered a default against him. R. Docs. 31, 35. Service was attempted on Hall several times but not effected.  R. Doc. 37.  Plaintiff also filed a Waiver of Service

## C. Removal of the Entire Case by DPSC Was Proper

Plaintiff additionally contends that remand is warranted because, while DPSC removed the whole case based on federal subject matter jurisdiction, Plaintiff did not assert any federal claims against DPSC. Rather, Plaintiff's federal claims are only asserted against the Officer Defendants, but they had not consented to removal, and without the Officer Defendants' appearance, "there is no federal claim or controversy before the court."[40] DPSC argues that removal was proper because Plaintiff asserts federal claims in this case, and this Court has supplemental jurisdiction over Plaintiff's state law claim against DPSC, which factually overlaps with Plaintiff's federal claims.[41] Plaintiff replies that, in light of DPSC's claim that the Officer Defendants were not served, the Court does not have jurisdiction until the Officer Defendants against whom Plaintiff asserted the federal claims have been served or waive service.[42]

In *Hutchinson v. Reed,* another case involving civil rights claims filed by Plaintiff's counsel against DPSC and an unserved officer defendant, the United States District Court for the Western District of Louisiana considered and soundly rejected Plaintiff's argument that DPSC cannot remove a case when the federal claims are not asserted against DPSC, and the officer defendant has not consented to removal.[43] This Report adopts the reasoning of *Hutchinson,* as did another division of this Court in *Washington*, which involved similar facts. If this Report is adopted,

---

with Hall's name printed on it, but the Waiver is unsigned and is, therefore, ineffective. R. Doc. 27 and *see, e.g., Arnold v. Brookway Corp.,* No. 09-205, 2010 WL 1904865, at *1 (S.D. Miss. May 10, 2010) (holding that a waiver of service that contained only the defendant's printed name, but not his signature, was ineffective). Therefore, it will be recommended that the Clerk's Entry of Default against Hall, which was entered based on the defective Waiver, be vacated.

[40] R. Doc. 10-2, pp. 1-2.

[41] R. Doc. 13, pp. 3-4. DPSC acknowledges that Plaintiff's Motion to Remand and Opposition to the Motion to Dismiss clarified which claims are asserted against which Defendants, which is unclear from the Petition.

[42] R. Doc. 17.

[43] *Hutchinson v. Reed,* No. 24-1532, 2025 WL 451838, at *2 (W.D. La. Jan. 21, 2025), report and recommendation adopted, No. 24-1532, 2025 WL 449825 (W.D. La. Feb. 10, 2025). *See also Washington v. Dep't of Pub. Safety & Corr.,* No. 25-55, 2025 WL 1749973, at *2 (M.D. La. May 19, 2025), report and recommendation adopted, No. 25-55, 2025 WL 1749652 (M.D. La. June 24, 2025) (citing *Hutchinson*).

Plaintiff's counsel should be advised to refrain from asserting this argument in this Court in the future without citing and addressing that the argument was rejected in *Washington*, and in this case.[44]

A civil action over which the district courts have original jurisdiction "may be removed by the defendant or the defendants" to the federal district court.[45] "Section 1446 sets forth the procedure for removal by a 'defendant or defendants' with the obligation to remove commencing from service. Whether a civil action is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's 'well-pleaded complaint' as of the time of removal."[46] "If a case is removed based on a federal claim, the federal court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy."[47] "Nothing in the removal statutes or any jurisprudence cited by Plaintiff limits the right to remove

---

[44] Plaintiff cites *Chicago, R. I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 248 (1900) (remanding a case removed by receivers based on their federal appointment, and holding that the consent of the non-federally appointed receiver defendant was still required, even if it could not have removed the case if it had been the sole defendant) and *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir. 1992) (remanding a case removed by the Red Cross under the general removal statute on the basis that the Red Cross is a federal instrumentality per its federal charter, and rejecting the Red Cross's arguments that unanimity is required only among those who are entitled to remove the case, and that because it is a federal instrumentality, it did not have to obtain the consent of other defendants to remove). The removals in these cases were by federal instrumentalities, whose federal status gave rise to federal question jurisdiction which the non-removing defendants did not have. Plaintiff tries to rely on the language from these cases, which hold that the consent of non-removing defendants is still required even if they could not remove the cases themselves. R. Doc. 10-2, pp. 2-3. Those holdings do not have bearing on the removal in this case, which does not involve removal by a federal agency or instrumentality on the basis of its federal status. Here, any Defendant could have removed the case under § 1331 and § 1367 based on Plaintiff's express assertion of a federal question and supplemental jurisdiction over the state law claims.

[45] 28 U.S.C. § 1441(a). This provision provides for the removal of the entire action, not just isolated claims. *See Jackson v. Wal-Mart Stores Texas,* LLC, 925 F.Supp.2d 810, 813 (N.D. Tex. 2013) (analyzing §1441(a) and holding: "The Court concludes that, under a plain reading of the statute's text, the phrase 'civil action' refers to an entire case rather [than] [] separate causes of action within a case …. Moreover, the Supreme Court has noted that '[t]he language of this section obviously permits the removal of a *case* that contains only *claims* that 'arise under' federal law.' *Wis. Dept. of Corr. v. Schacht,* 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (emphasis added)." (internal string cite omitted).

[46] *Hutchinson,* 2025 WL 451838, at *2, citing *Manyweather v. oodlawn Manor, Inc.,* 40 F.4th 237, 242 (5th Cir. 2022).

[47] *Hutchinson,* 2025 WL 451838, at *2, citing 28 U.S.C. § 1367(a).

based on federal question to a defendant against whom a federal claim is directly asserted. If a federal claim appears in the plaintiff's complaint, any defendant may remove it."[48]

Here, while Plaintiff has now clarified in his opposition to the Motion to Dismiss and Motion to Remand that his federal § 1983 claim and state law tort claims are asserted against the Officer Defendants, and only the state law vicarious liability claim is asserted against DPSC,[49] Plaintiff clearly pleaded a federal claim against the Officer Defendants. As such, co-defendant DPSC was permitted to remove the entire case. Plaintiff's argument to the contrary lacks merit. Accordingly, it is recommended that Plaintiff's Motion to Remand be denied.

## III.    IT IS RECOMMENDED THAT DPSC'S MOTION TO DISMISS BE DENIED

### A.  Legal Standard for Dismissal for Failure to State a Claim under Rule 12(b)(6)

Rule 12(b)(6) motion seeks dismissal of the complaint for failure to state a claim upon which relief can be granted. In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*,[50] the United States Supreme Court addressed the standard of pleading that a plaintiff must meet to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise

---

[48] *Hutchinson,* 2025 WL 451838, at *2, quoting *Madsen v. City of Lincoln,* 2021 WL 2783749, *3 (D. Neb. 2021) ("Even assuming no federal claim was alleged against the County Defendants, they are 'defendants' and are permitted to remove a complaint alleging federal claims to the federal court."); *Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.,* 2014 WL 2526914, *3 (S.D. Tex. 2014) (defendant was entitled to remove case even though the federal claim was not directed at it); *Smith v. Smart Buy Homes,* 2008 WL 5122840, *1 (W.D. Okla. 2008) ("That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial."); *Cartwright v. Thomas Jefferson University Hosp.,* 99 F.Supp.2d 550, 553 (E.D. Pa. 2000) ("[I]f a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal."); and *Solis v. Chase Bank USA, N.A.,* 2006 WL 487855 (W.D. Tex. 2006) (removal on federal question jurisdiction proper by a defendant against whom the federal question claim was not alleged).

[49] R. Doc. 10-2, p. 1 ("The only defendants against whom a federal claim was filed is M. Sgt. Andrew Hausey, Captain Enrico George, and Sgt. Jeffrey Hall….") and p. 2 ("The claim pled against the state is respondeat superior only.")(and referencing the Third Claim for Relief in the Petition, which asserts state law vicarious liability). *See also* R. Doc. 11, p. 1 ("The only federal claim that may lie is a *Monell* claim and none was plead [sic]," and referring to the foregoing in the Motion to Remand), p. 2 ("The claim pled against the state is respondeat superior only…."), ("Here, two claims were pled against both M.Sgt. Andrew Hausey, Captain Enrico George, and Sgt. Jeffrey Hall: violation of state law battery and of federal law civil rights under 42 USC § 1983 for violated the 8th Amendment right of DUSTIN MUSSO.") and p. 3 ("No federal claim was pled against the state.").

[50] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, 556 U.S. 662 (2009).

a right to relief above the speculative level."[51]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[52]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[53]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[54]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[55]  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint,"[56] and "view them in the light most favorable to the plaintiff."[57]  While factual assertions are presumed to be true, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Rule 12(b)(6) motion.[58]

### B.  The Motion to Dismiss is Moot to the Extent it Seeks Dismissal of Federal Claims Not Pleaded Against DPSC

The Motion to Dismiss asserts three arguments: first, Plaintiff's § 1983 and § 1988 claims against DPSC fail because DPSC is not a "person" who can be sued under those statutes; second,

---

[51] *Twombly,* 550 U.S. at 555.

[52] *Iqbal,* 556 U.S. at 678, quoting *Twombly,* 550 U.S. at 570.

[53] *Iqbal,* 556 U.S. at 678.

[54] *Id.* at 679.

[55] *Id.* at 678 (internal quotation marks omitted).

[56] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) and *Spinosa v. Foremost Ins. Co. Grand Rapids, Michigan,* No. 23-1226, 2024 WL 3245611, at *1 (M.D. La. June 28, 2024) (Jackson, J.), aff'd, No. 24-30472, 2025 WL 304530 (5th Cir. Jan. 27, 2025).

[57] *Spinosa,* 2024 WL 3245611 at *1, citing *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

[58] *Iqbal*, 556 U.S. at 678.

DPSC cannot be held liable under § 1983 for the actions of the Officer Defendants under a respondeat superior theory because DPSC was not involved in the Incident and did not have unconstitutional policies that resulted in Plaintiff's injuries; and third, DPSC is not vicariously liable under state law for the tortious conduct of the Officer Defendants because DPSC lacked knowledge of the conduct at the time it occurred.[59]

In his opposition to the Motion to Dismiss and Motion to Remand, Plaintiff clarified that he is NOT asserting any federal claims against DPSC; rather, Plaintiff is only asserting state law vicarious liability claims against DPSC for the Officer Defendants' tortious conduct.[60] Furthermore, the Petition does not assert a federal respondeat superior claim. Therefore, it is recommended that DPSC's Motion to Dismiss be denied as moot on the first two arguments, *i.e.*, to the extent it seeks dismissal of Plaintiff's § 1983 and § 1988 claims, as well as an (unpleaded) federal respondeat superior liability claim, because those claims have not been asserted against DPSC, as Plaintiff has clarified.

### C. At this Stage, Plaintiff Has Stated a Plausible Claim Against DPSC for Vicarious Liability Under State Law

As to the third and only remaining claim of state law vicarious liability, DPSC alleges that it cannot bear vicarious liability for the actions of the Officer Defendants under La. Civ. Code art. 2320 ("Art. 2320") because "DPSC had no actual or constructive knowledge of the alleged tortious conduct against Plaintiff at issue in this case until after it occurred, and therefore was helpless to prevent it." Citing authority from Louisiana's First Circuit Court of Appeal ("First Circuit"), DPSC argues that while an employer is answerable for the damage occasioned by its employees in the exercise of their employment functions, this responsibility only attaches when the employer might

---

[59] R. Doc. 9-1, pp. 4-7.

[60] R. Doc. 10-2, pp. 1-2; *see also* R. Doc. 11, pp. 1-3.

11

have prevented the act that caused the damage but failed to do so.[61]  DPSC argues that the First Circuit has held that Art. 2320 explains the exceptions to the general rule imposing vicarious liability on an employer, and damage cannot be imputed to an employer where the employer had no actual or constructive knowledge of the damage-causing conduct until after the incident occurred because, without that knowledge, there is no way the employer could have prevented the damage-causing act.[62] DPSC argues that Plaintiff has not claimed, nor can he establish, that DPSC had actual or constructive knowledge of the Officer Defendants' tortious acts until after the Incident occurred, and therefore, DPSC had no opportunity to prevent the Incident.[63]  DPSC additionally argues that Plaintiff's vicarious liability claim would still fail, even if Article 2320 could be construed to mean that when an employee causes harm, the employer faces vicarious liability if they could have reasonably predicted that such harm could occur and did not take steps to prevent it.  This is because Plaintiff admits that DPSC had protocols and policies in place to prohibit abusive conduct toward inmates; thus, DPSC contends that Plaintiff cannot show that DPSC failed to act to prevent the Officer Defendants from harming Plaintiff. Further, DPSC should not be held responsible for the harm caused by the Officer Defendants, which DPSC took measures to prohibit, but that still occurred in a manner that did not give actual or constructive knowledge to DPSC.[64]

---

[61] R. Doc. 9-1, p. 6, citing *Alexander v. Lowes Companies*, 96-2169 (La.App. 1 Cir. 9/19/97); 701 So.2d 239, 242-43 (reversing summary judgment for the defendant store owner on the plaintiff's claim that the defendant was vicariously liable under Art. 2320 for the acts of a worker who injured the plaintiff with a floor buffer, and finding genuine issues of material fact as to whether the defendant controlled the worker who injured the plaintiff and whether the defendant impliedly authorized the use of an unsafe practice).

[62] R. Doc. 9-1, p. 6, citing *Cox v. Gaylord Container Corp*., 2003-0692 (La.App. 1 Cir. 2/23/04); 897 So.2d 1, 6-8, on reh'g, (Feb. 16, 2005), writ denied, 2005-0749 (La. 5/6/05); 901 So. 2d 1102 (granting summary judgment to the employer and finding that the employer did not bear Art. 2320 vicarious liability to the plaintiff, who alleged her unborn child was injured when she drove her forklift into a steel beam while pregnant).

[63] R. Doc. 9-1, pp. 6-7.

[64] R. Doc. 9-1, p. 7.

Plaintiff alleges that the Officer Defendants committed a battery on Plaintiff when they attacked him and sprayed him with chemical agent while he was fully restrained. Plaintiff alleges that DPSC placed the Officer Defendants[65] into a position of power and authority over Plaintiff, who was required to comply with their orders; therefore, DPSC potentially bears vicarious liability for the Officer Defendants' battery of Plaintiff.[66]

The Motion should be denied on the issue of whether DPSC bears vicarious liability under Art. 2320 for the tortious conduct of the Defendant Officers. DPSC alleges it had no constructive knowledge of the Incident, and therefore, it could not have prevented the Incident; however, it is not clear what DPSC knew, what policies it had in place, and whether it could have prevented the Incident.[67] Resolution of this claim depends on resolution of the underlying tort claims against the Officer Defendants, which are not currently at issue in the Motion to Dismiss. Another division of this Court has recognized that the State can be subject to vicarious liability under Art. 2320 for the tortious conduct of its law enforcement officers in *Wooten v. Harrell,* stating:

> Under La. Civ. Code art. 2320, 'an employer is subject to vicarious liability for the tortious conduct of his employee, irrespective of his title, while acting within the course and scope of employment.' Governmental entities 'do not enjoy special protection from vicarious liability under Louisiana law and are subject to respondeat superior like every other employer.' The Louisiana Supreme Court

---

[65] Plaintiff's Opposition sometimes refers to officers who are not defendants in this case, *e.g.*, R. Doc. 11, pp. 1, 6 (referring to Lt. Emmanuel Ellis). The Court construes these mistaken references as references to the Officer Defendants.

[66] R. Doc. 11, pp. 5-7, citing, *e.g., Penn v. St. Tammany Par. Sheriff's Off.,* 2002-0893 (La.App. 1 Cir. 4/2/03), 843 So. 2d 1157, 1161 ("Excessive force transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages.") (citation omitted); *Anderson v. Louisiana ex rel. LA Dep't of Corr.,* No. 12-1821, 2013 WL 5707860, at *3 (W.D. La. Oct. 17, 2013) ("[I]n the prison setting, Louisiana courts have held that it is the State, not the supervisor, who bears liability for the acts of its employee.")(citations omitted); and *Thompson v. France,* No. 20-1842, 2020 WL 5761188, at *3 (E.D. La. Sept. 28, 2020) (denying Tangipahoa Parish's motion to dismiss the plaintiff inmate's Art. 2320 vicarious liability claim against the Parish for the abusive actions of its employee, and finding that the plaintiff sufficiently stated a claim that the employee who abused the plaintiff was "actuated" by the Parish and used his apparent authority to engage in the abuse) (Plaintiff's other citations omitted).

[67] DPSC's motion seeks Rule 12(b)(6) dismissal, not Rule 56 summary judgment, and DPSC has not introduced any evidence on this issue, such that the current motion could be converted to one for summary judgment. Furthermore, DPSC's cited authority does not involve an alleged battery by law enforcement officers.

has 'stated that an employee's conduct is generally within the course and scope of his employment if the conduct is of the character and nature that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.'

Plaintiff alleges the City should be held vicariously liable for the acts of Officer Harrell, Officer Bouriaque, and Sergeant Smith because these officers were acting in the course and scope of their employment during the arrest. Because the Court has found that Plaintiff has stated claims against Officer Harrell, Officer Bouriaque, and Sergeant Smith for malicious prosecution and defamation under Louisiana law, there are potentially culpable employees for which the City could be held vicariously liable. Thus, the City's motion [to dismiss] is denied as to the claims of vicarious liability for the state law claims.[68]

At this stage, Plaintiff has stated a plausible claim against DPSC for vicarious liability under state law sufficient to withstand a Rule 12(b)(6) analysis.

## IV.    RECOMMENDATION

The consent of the Officer Defendants was not required at the time of removal because they were not properly served.  DPSC's removal of the entire case was proper, and the Court has federal question and supplemental jurisdiction over Plaintiff's claims in this case.  Plaintiff has clarified that he is not asserting any federal claims against DPSC and Plaintiff has stated a state

---

[68] *Wooten v. Harrell,* No. 23-368, 2024 WL 1815349, at *9 (M.D. La. Apr. 25, 2024).  *See also Mitchell v. Louisiana*, No. 20-470, 2022 WL 17070524, at *9 (M.D. La. Nov. 17, 2022) (Jackson, J.) (finding a genuine issue of material fact as to whether the State was vicariously liable under Art. 2320 for the state law torts of its officers, and holding: "It follows that LDPSC's sole objection to *respondeat superior* liability—that Lt. Stark 'committed no tortious acts' …—also fails. Plainly, the same evidence establishing a substantial dispute regarding Lt. Stark's liability for negligence and battery also establishes a substantial dispute regarding LDPSC's vicarious liability as Lt. Stark's employer.  *See* La. C.C. art. 2317; *Breaux*, 326 So.2d at 482 ('the state is ... liable for its employee's failure to use reasonable care in preventing harm after they had reasonable cause to anticipate it.'); *cf. Hughes v. Savell*, 902 F.2d 376, 379 (5th Cir. 1990) ('Although the state does not insure inmates against personal attacks, the state is responsible when its employees fail to use reasonable care to protect inmates from injuries inflicted by other prisoners which the authorities know or have reason to anticipate will occur. ... Those cases which do consider the responsibility of individual state prison employees routinely impute the employee's negligence to the state for purposes of assigning liability.'); *see also Payne v. Tonti Realty Corp.*, 04-752 (La.App. 5 Cir. 11/30/04), 888 So.2d 1090, 1094 ('An employer may be vicariously liable for the intentional acts of its employees.') (citing La. C.C. Art. 2320), writ denied 2005-0192 (La. 4/1/05), 897 So.2d 606.").").

law claim for vicarious liability under La. Civ. Code art. 2320 against DPSC sufficient to withstand a Rule 12(b)(6) analysis. Accordingly,

**IT IS RECOMMENDED** that Motion to Remand,[69] filed by Plaintiff Dustin Musso, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Clerk's Entry of Default entered against Defendant Jefrey Hall[70] be **VACATED** because there is not adequate proof in the record that Hall was served or that he waived service.

**IT IS FURTHER RECOMMENDED** that the 12(b)(6) Motion to Dismiss, filed by Defendant the State of Louisiana through the Department of Public Safety and Corrections,[71] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, Plaintiff's counsel be instructed that she is to refrain from asserting in this Court in the future that the State of Louisiana through the Department of Public Safety and Corrections cannot remove a case from state court because no federal claim is asserted against it, only against individual defendants, without citing and addressing that this argument was rejected in *Washington v. Dep't of Pub. Safety & Corr.*, No. 25-55, 2025 WL 1749973, at *2 (M.D. La. May 19, 2025), report and recommendation adopted, No. 25-55, 2025 WL 1749652 (M.D. La. June 24, 2025), and in this case.

---

[69] R. Doc. 10

[70] R. Doc. 39.

[71] R. Doc. 9.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, this case be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on February 5, 2026

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

16